UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21128-CIV-MCALILEY
[CONSENT CASE]

JOSE M. CABRAL,

    Plaintiff,

v.

LAKES CAFÉ SPORTS BAR & GRILL,
INC., JOSE GUTIERREZ, LUIS
GONZALEZ,

    Defendants
_____/

## ORDER GRANTING IN PART MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Defendants, Lake Café Sports Bar & Grill, Inc., Jose Gutierrez and Luis Gonzalez' Motion for Summary Judgment. [DE 15]. Defendants move for summary judgment on the grounds that under the FLSA they are not subject to individual or enterprise coverage. This matter is fully briefed. [DE 29, 30, 31, 32]. For the reasons set forth below, the motion is granted in part.

**I.**    **Background**[1]

Plaintiff, Jose M. Cabral, filed this action against Defendants for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for failure to pay overtime wages (Count I) and retaliatory discrimination and discharge (Count II). [DE 7]. Plaintiff alleges

---

[1] Only undisputed facts are set forth in this section. To the extent any disputed facts are relevant, they are addressed in the analysis.

the individual defendants are liable by virtue of their positions with Defendant Lakes Café Sports Bar & Grille, Inc. (Lakes Café). [DE 7, ¶ 3]. It is undisputed that Lakes Café began operating as a restaurant, serving food and beverages at its Miami Lakes location, in October 2008. [DE 15, p. 1, ¶¶ 2-3]. Cabral was employed by Lakes Café as a cook from October 2008 through April 2009, primarily to cook food in the restaurant kitchen. [*Id*. at ¶¶ 4-5]. All of Lakes Café's food and beverages are purchased from vendors located in the State of Florida, but some of the food and beverages supplied by those vendors have traveled in interstate commerce. [DE 15, p. 2 ¶ 8; DE 30, ¶¶ 6, 12-15].

Cabral did not perform any accounting, bookkeeping, or administrative duties, nor was he involved in buying the restaurant's products or merchandise. [DE 15-4, ¶ 10-11]. Moreover, Cabral did not use a fax machine, computer, mail or email, work the cash register or process credit cards. [DE 15-4, ¶ 16].

It is also undisputed that Lakes Café's gross receipts were less than $500,000.00 for 2008, and through April 2009 (the period of Plaintiff's employment). [DE 15, p. 2, ¶¶ 9-10]. Through May 2009, Defendants Guiterrez and Gonzalez were each 33% owners of Lakes Café, and both were corporate officers. [DE 30, ¶ 9]. Lakes Café owns no other companies, is not the subsidiary of any other companies and has no sister corporations. [DE 30-6, p 20]. Guiterrez is also the sole owner of Salsa Promoter, a company that does business as Le Cesta Restaurant in Hialeah.[2] [DE 30-6, pp. 11-13]. Lakes Café is a sports bar, while Palacios

---

[2] Le Cesta Restaurant apparently occupies a building called Palacios de los Jugos, [DE 30, p. 2, ¶ 8], and Plaintiff refers to the restaurant by the building name throughout his response. For

specializes in Latin cuisine. [DE 31, ¶ 17]. Salsa Promoter earned more that $500,000.00 in gross income in 2008 and was expected to do the same in 2009. [DE 30, ¶ 8]. Salsa Promoter does not have any ownership interest in Lakes Café. [DE 30-6, p. 15].

Guiterrez' undisputed testimony is that he did not commingle the operational funds or income of the two restaurants. [DE 30-6, p. 29]. Moreover, he did not withdraw money from, or invest money in, Lakes Café in 2008 and 2009. He also did not sign employee paychecks, nor did he discipline, fire, hire or interview employees of Lakes Café or make any budget or financing decisions. [DE 31-20, p. 2].

During 2008 and 2009, Lakes Café and Palacios purchased food from at least one common vendor, Martinez Distributors. [DE 31, ¶ 15]. However, these products were separately invoiced, delivered to different addresses and paid for with separate checks. [DE 30-4, pp. 14-16; 31-11, pp. 2-3].

Guiterrez owns an interest in Lakes Cigars, a cigar shop next door to the Lakes Café. [DE 30-6, pp. 19-21]. Neither establishment advertised for the other, but they did have some customers in common. [DE 30-6, p.21]. The parties dispute when the cigar shop opened for business; the only evidence in the record of its income is that through October 2009, the cigar shop earned less than $12,000.00. [DE 31, ¶ 11].

**II.   Analysis**

Defendants seek summary judgment on Plaintiff's claim for overtime wages on the

---

consistency, the Court will also refer to the restaurant as Palacios.

ground that, as matter of law, Plaintiff cannot establish either individual or enterprise coverage under the FLSA. On a motion for summary judgment, the moving party has the burden of showing the absence of a genuine issue as to any material fact. *Hilburn v. Murata Elec. North Am. Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). The court views the evidence, and all factual inferences arising from it, in the light most favorable to the nonmoving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). However, "[t]he mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could reasonably find for the nonmovant." *Lopez v. Top Chef Invest., Inc.*, No. 07-21598-CIV, 2007 WL 4247646, * 1 (S.D. Fla. Nov. 30, 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

The overtime provisions of the FLSA, which require employers to compensate their employees at one and one-half times their regular salary for hours worked in excess of forty hours a week, applies under two circumstances: "(1) where an employee is engaged in commerce or the production of goods for commerce – individual coverage; or (2) where an employee works for an enterprise engaged in commerce or in the production of goods for commerce – enterprise coverage." *Casseus v. First Eagle, L.L.C.*, No. 07-23228, 2008 WL 1782363, * 2 (S.D. Fla. April 18, 2008) (citation omitted). The burden of establishing individual or enterprise coverage is on the plaintiff. *Id*. at *3; *Jimenez v. Southern Parking, Inc.*, No. 07-23156-CIV, 2008 WL 4279618, * 9, 12 (S.D. Fla. Sept. 16, 2008). Here, Defendants assert that, given the undisputed facts, Plaintiff cannot establish either form of

coverage and therefore Defendants are entitled to summary judgment.

### A.     Individual coverage

In order establish individual coverage, a plaintiff must show that he directly participated in the actual movement of persons or things in interstate commerce by working for an instrumentality of interstate commerce, or by regularly using the instrumentalities of interstate commerce in his work. *Lopez*, 2007 WL 4247646 at * 2. To determine whether an employee performed such work, the court must focus on the activities of the employee, not the business of the employer. *Casseus*, 2008 WL 1782363 at * 3. Although Plaintiff alleges individual coverage in the Amended Complaint [DE 7, ¶ 9], in his response to the summary judgment motion he does not argue that the evidence supports a finding of individual coverage.

The undisputed evidence establishes that Cabral was employed by Lakes Café as a cook from October 2008 through April 2009, primarily to cook food in the restaurant kitchen. [DE 30, ¶ 4]. Cabral was not involved in buying the restaurant's products or merchandise [DE 15-4, ¶¶ 10-11], nor did he use a fax machine, computer, mail or email, work the cash register or process credit cards. [DE 15-4, ¶¶ 15-16]. "The mere fact that the food may have passed in interstate commerce prior to arriving at the restaurant does not mean that Plaintiff was engaged in commerce for individual coverage." *Lopez*, 2007 WL 4247646 at * 2; *Casseus*, 2008 WL 1782363 at * 5 (Plaintiff who simply cooked and prepared meals for defendant employer was not entitled to individual coverage under the FLSA).

Plaintiff has presented no facts to counter Defendants' evidence that Plaintiff's activities at Lakes Café were purely local, and this Court finds that Plaintiff has not demonstrated individual coverage under the FLSA.

### B. Enterprise coverage

To avoid summary judgment on the second basis for coverage under the FLSA – enterprise coverage – Plaintiff must show, at minimum, a disputed issue of material fact as to whether Lakes Café is an enterprise, which is an entity (1) "whose annual gross volume of sales made or business done is not less than $500,000" and (2) that has employees engaged in commerce or in the production of goods for commerce, or handling, selling or otherwise working on goods or materials that have moved through commerce. 29 U.S.C. § 203(s)(1)(A)(i)-(ii). The first element, the jurisdictional amount, is at the center of the Motion for Summary Judgment.

It is undisputed that Lakes Café's gross receipts were less than $500,000.00 for the relevant time. [DE 15, p. 2, ¶¶ 9-10]. However, a plaintiff can meet the income requirement of the FLSA by stacking the income of related entities. To establish that two entities constitute a single enterprise under the FLSA, Plaintiff must prove three elements: "(1) related activities; (2) unified operation or common control; and (3) a common business purpose." All three elements must be present for an enterprise to exist. *Donovan v. Easton Land & Dev., Inc.*, 723 F.2d 1549, 1551 (11th Cir. 1984). Whether two entities constitute an enterprise, is a question of law for the court to decide. *Tafalla v. All Florida Dialysis Serv., Inc.*, No. 07-80396, 2009 WL 151159, * 9 (S.D. Fla. Jan. 21, 2009).

### 1. Palacios de Jugos

Plaintiff argues that summary judgment is inappropriate on the issue of enterprise coverage because there is a genuine issue of fact regarding whether Lakes Café and one of Defendant Guiterrez' other business, Salsa Promoter, constitute a single enterprise. If these two businesses are a single enterprise for purposes of the FLSA, there is no question that their combined gross income would exceed the minimum required for enterprise coverage, and Defendants' Motion would have to be denied.

#### i. Related activities

Activities are related for the purposes of the FLSA when they are the same or similar or when they are "auxiliary and service" activities. *Tafalla*, 2009 WL 151159 at * 9. "Auxiliary and service activities are activities that involve operational interdependency in fact." *Fazzie v. RAMM of Central Florida*, No. 6:06-cv-210-Orl-KRS, 2008 WL 203419, *4 (M.D. Fla. Jan. 23, 2008). A plaintiff can show related activities through shared centralized office function, centralized warehousing or regularly shared employees. *Id.* Here, there is no evidence that the two restaurants share centralized office functions or warehousing. Plaintiff has presented evidence that Lakes Café and Palacios shared an employee, that Palacios supplied raw materials to Lakes Café, and that food prepared at Palacios was served at Lakes Café. [DE 29, p. 4]. While Defendants strongly dispute these assertions of related activities, [DE 31, pp. 2-3], Plaintiff's evidence is sufficient to create material issues of fact that must be resolved in order to determine whether the activities of Lakes Café and Palacios are

related. Thus, on this record, the Court can not find that the activities of Lakes Café and Salsa Promoter are not related.

### ii.     Unified Operation or Common Control

To satisfy the second element, a plaintiff must show *either* unified operation *or* common control. *Dunlop v. Ashy*, 555 F.3d 1228, 1231 (5th Cir. 1977).[3]  "[T]he test for common control is not ownership, but rather whether there is a common control center with the ultimate power to make binding policy decisions for all units of the enterprise." *Id.* Plaintiff argues that Guiterrez was the common control center of both Lakes Café and Palacios, because he had an ownership interest in both. [DE 29, pp. 3-4].

It is undisputed that, at the time Plaintiff was employed at Lakes Café, Guiterrez was a one-third owner of Lakes Café [DE 30, ¶ 9], and was the 100% owner of Salsa Promoter, the entity which owns Palacios. [DE 30-6, pp. 11-12]. However, Guiterrez's minority ownership interest in Lakes Café does not in and of itself establish his ability to control Lakes Café. *Fazzie*, 2008 WL 203419, at * 5 (ownership of over 50% is necessary to establish the *per se* power to control). And, Plaintiff has failed to present any evidence that Guiterrez had control in fact over Lakes Café. Rather, the undisputed evidence is that Guiterrez did not sign employee paychecks, nor did he discipline, fire, hire or interview employees or make any budget or financing decisions for Lakes Café. [DE 31-20, p. 2]. Indeed, no evidence in the

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, handed down by that court prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc).

record supports a finding that Guiterrez acted as a common control center for Lakes Café and Palacios.

Plaintiff may also satisfy this second element by showing unified operation. To establish a "unified operation," Plaintiff must present evidence of a relationship where the two entities "are in effect a single business unit or an organized business system which is an economic unit directed to the accomplishment of a common business purpose." *Dunlop*, 555 F.2d at 1232. Plaintiff must show more than "close cooperation and mutual assistance. Factors to examine include intermingling funds, obtaining separate liability and workers' compensation insurance, ordering supplies separately, interchanging employees, and operating with the same managers." *Tafalla*, 2009 WL 151159, at * 10.

The undisputed evidence is that Salsa Promoter, the corporation doing business as Palacios, and Lakes Café, have no ownership interest in each other. [DE 30-6, pp. 15, 20]. There is no evidence that the two restaurants share liability or workers compensation insurance or operate with the same managers. Moreover, Guiterrez' testified, without contradiction, that he did not commingle the operational funds or income of the two restaurants. [DE 30-6, p. 29].

While both Lakes Café and Palacios purchased food from at least one common supplier during 2008 and 2009, these products were separately invoiced, delivered to different addresses and paid for with separate checks. [DE 30-4, pp. 14-16; 31, p. 8, ¶ 15; 31-11, pp. 2-3]. Even crediting Plaintiff's disputed evidence that the two restaurants share one

9

employee, balancing these factors, I find as a matter of law that Lakes Café and Palacios did not have a unified operation.

### iii.     Common business purpose

Because there is no unified operation or common control between the two entities, I need not reach the third element – a common business purpose. Nonetheless, I find that the evidence fails to establish a common business purpose as a matter of law.

To satisfy the requirement of a common business purpose, Plaintiff must show "[m]ore than a common goal to make a profit." *Easton*, 723 F.2d at 1553. Here, the evidence shows that the restaurants "were separate entities attempting to obtain separate profits." *Id.* As noted above, the restaurants had no ownership interest in each other. Guiterrez did not commingle the operational funds or income of the two restaurants. [DE 30-6, p. 29]. Most significantly, there is no evidence that the profits were intermingled. *See Easton*, 723 F.2d at 1553 (where entities did not intermingle profits, no common business purpose); *see also Tafalla*, 2009 WL 151159, * 11 (where one company made a profit from a second company, but there was no evidence of intermingling of profits, the two companies did not have a common business purpose); *Jimenez*, 2008 WL 4279618, * 12 (no common business purpose where entities did not receive revenues or funding from each other).

In summary, the undisputed facts establish that, as a matter of law, Lakes Café and Palacios cannot be combined to constitute a single enterprise under the FLSA.

### 2.     Lakes Cigar

Although Plaintiff avers that he was aware of a relationship between Lakes Café and

Lakes Cigars during the time he was employed at Lakes Café [DE 30-1, ¶¶ 6, 8-9], Plaintiff does not argue in his response to summary judgment that the two entities constitute a single enterprise for FLSA purposes. Rather, after briefing on the motion for summary judgment was complete, Plaintiff filed a Notice of Supplemental Authority And Supplemental Discovery Response in Opposition to Defendants' Motion for Summary Judgment where he asserts for the first time that there is a material issue of fact whether Lakes Cigar and Lakes Café constitute a single enterprise. [DE 32, p. 1-2]. In the Notice of Supplemental Authority, Plaintiff notes that Defendants objected to providing some financial information about Lakes Cigars and Plaintiff asks to take further discovery on the issue.

I find that Plaintiff's last-minute effort to stack the income of Lakes Café and Lakes Cigars, is untimely. According to his own affidavit, Plaintiff was aware of the relationship between the two entities during his employment at Lakes Café and Plaintiff gives no explanation for failing to raise this argument until after briefing was closed. I further find that Plaintiff had ample opportunity to take discovery regarding Lakes Cigars, both before filing his response to the summary judgment motion and since that time.

Discovery in this action has not yet closed. Plaintiff has had months to depose Defendants and their employees and agents and take third party discovery concerning Lakes Cigars and to move to compel Defendants regarding the objected to discovery (or any other discovery at issue). Plaintiff has presented no explanation for his apparent failure to explore

11

any of these avenues of discovery.[4]

I have nevertheless considered the merits, and note that the record contains no evidence of Lakes Cigars' total gross income in 2008 and 2009, other than Defendants' evidence that it earned less than $12,000 through October 2009.[5] Thus, I do not have to determine whether Lakes Café and Lakes Cigars could be considered a single enterprise for FLSA purposes, because on the record before me, there is no evidence that stacking the two entities together could result in a gross income in excess of $500,000.00 in either 2008 or 2009.

In sum, because Plaintiff cannot establish that during the term of his employment Lakes Café had an annual gross volume of sales of over $500,000.00, Defendants are entitled to summary judgment on the issue of enterprise coverage.

### III. Conclusion

As a matter of law, Plaintiff cannot establish individual or enterprise coverage under the FLSA and, thus, Defendants are each entitled to summary judgment on Count I, the

---

[4] If, after the exercise of due diligence, Plaintiff was unable to present facts concerning Lakes Cigars, Plaintiff should have submitted an affidavit, pursuant to Federal Rule of Civil Procedure 56(f), that gave specified reasons why he could not present facts essential to his opposition to the motion for summary judgment.

[5] The parties dispute the date that Lake Cigars opened for business. Defendants assert it was in May 2009 (after Plaintiff stopped working for Lakes Café) [DE 31, p. 6, ¶¶ 10-11], while Plaintiff claims it was open "during the relevant time period of which I worked for the Defendants," which began in October 2008. [DE 30-1, ¶ 8]. Defendants filed copies of Lakes Cigars' Florida Department of Revenue Income Statements to prove gross income through October 2009. [DE 31-17]. While these copies were not authenticated, Plaintiff did not object to them. On motions for summary judgment, I may consider evidence which can be reduced to an admissible form at trial, such as the business records here, *Rowell v. Bellsouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005), and therefore I rely upon those records in making my findings.

overtime wage claim. *See Casseus*, 2008 WL 1782363 at * 5 (where individual defendant's liability is derivative to that of the corporate defendant and there is no individual or enterprise coverage over the corporate defendant, summary judgment in favor of the individual defendant is appropriate).

Because the lack of individual or enterprise coverage for an overtime claim does not defeat a retaliatory discharge claim, Count II, for retaliatory discharge under 29 U.S.C. 215(A)(3), will go forward. *Wirtz v. Ross Packaging Co., Inc.*, 367 F.2d 549, 550-51 (5th Cir. 1966) ("the clear and unambigious language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the Act's wage and hour provisions in order for the strictures against discriminatory discharge to be invoked").

Based on the foregoing, the Court ORDERS that

Defendants, Lakes Café Sports Bar & Grill, Inc., Jose Gutierrez and Luis Gonzalez' Motion for Summary Judgment [DE 15] is GRANTED IN PART. Summary judgment is entered against Plaintiff and in favor of Defendants on Count I.

DONE and ORDERED in chambers in Miami, Florida this 31st day of March, 2010.

                                                                CHRIS McALILEY
                                                                UNITED STATES MAGISTRATE JUDGE

cc:     Counsel of record